JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 23-5092-KK-PVCx | Date: | December 13, 2023 |
|---|---|---|---|
| Title: | *Kevin Cox v. Creative Properties, LLC* | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Noe Ponce | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **(In Chambers) Dismissing the Instant Action for Failure to Serve and Failure to Prosecute**

On June 27, 2023, plaintiff Kevin Cox ("Plaintiff") filed a Complaint against Creative Properties, LLC ("Defendant"). ECF Docket No. ("Dkt.") 1. Generally, absent a showing of good cause, if a defendant is not served within 90 days after the complaint is filed, the action must be dismissed without prejudice against that defendant. FED. R. CIV. P. 4(m). Plaintiff was, therefore, required to serve the Summons and Complaint on Defendant no later than September 25, 2023. As of this date, however, the Court has not received a proof of service of the Summons and Complaint on Defendant.

On December 1, 2023, the Court issued an Order to Show Cause why this action should not be dismissed for Plaintiff's failure to serve the Summons and Complaint on Defendant. Dkt 15. On December 8, 2023, Plaintiff filed a Response to the Court's Order to Show Cause ("Response"). Dkt. 17. In the Response, Plaintiff concedes he has not served Defendant. Id. Plaintiff's counsel states he attempted to serve Defendant by way of an attorney service "in mid-July of 2023," but the attorney service was "unable to serve Defendant due to the unavailability of Defendant at the address of Defendant's Agent provided by Plaintiff." Id. at 1-2. Plaintiff's counsel further states he "recently" asked the attorney service for an update regarding serving Defendant, to which the attorney service again stated it was unable to reach Defendant but it would "continue to attempt to serve Defendant[.]" Id. at 2.

///
///

///

Hence, Plaintiff has not only failed to comply with Rule 4's time requirements, he has only "recently" followed up regarding service and has, therefore, not been diligent in his actions.

Accordingly, the Court finds Plaintiff has not shown good cause for failing to serve Defendant and generally failing to prosecute this action.  The action is, thus, DISMISSED WITHOUT PREJUDICE.  IT IS FURTHER ORDERED that the Clerk of Court shall close this action.

**IT IS SO ORDERED.**